FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 AUG 10 PM 1:45
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JONATHAN CORNELIUS GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 111-082 |
| ) | |
| FNU KITCHEN, Deputy, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia when this action commenced, filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). On June 8, 2011, the Court cautioned Plaintiff that while this action is pending, he shall immediately inform this Court of any change of address and failure to do so would result in the dismissal of this case. (Doc. no. 3, p. 4.)

The Court's June 8th Order granted Plaintiff permission to proceed IFP, subject to the condition that he comply with the Court's instructions regarding the return of his IFP papers. (Id.) Though Plaintiff's IFP papers were returned, he later filed a motion to voluntarily dismiss his case; notably, he sought in that motion to condition the dismissal of his case on being exempted from the filing fee for this action. (Doc. no. 8.) In an Order issued on July 25, 2011, the Court explained that Plaintiff could dismiss his case without the Court's permission pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), but he would

nevertheless remain responsible for paying the entire filing fee as mandated by 28 U.S.C. § 1915(b)(1). (See doc. no. 11.) Additionally, the Court ordered Plaintiff to respond by informing the Court of his intentions regarding the dismissal of his case, and cautioned him that if he failed to respond, the Court would assume that he desired to voluntarily dismiss his case without being exempted from the filing fee. (Id.)

This case is now before the Court because Plaintiff's service copy of the Court's July 25, 2011 Order – which had been mailed to the address most recently provided by Plaintiff – was returned and marked "Transferred." (Doc. no. 13.) Thus, it is apparent that Plaintiff has failed to comply with the Court's instruction to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.[3]

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[3]Notably, dismissal without prejudice is the same result that would occur if the Court were to grant Plaintiff's request to voluntarily dismiss his case. However, Plaintiff's motion improperly attempted to condition the dismissal of his case on being exempted from the filing fee, as explained in the Court's July 25th Order; thus, dismissal for the reasons set

3

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to dismiss be deemed **MOOT** (doc. no. 8), and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this /0th day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

forth in the instant Report and Recommendation is appropriate rather than dismissing the case pursuant to Plaintiff's motion to voluntarily dismiss. Moreover, as the Court's recommendation herein addresses the relief requested in Plaintiff's motion to voluntarily dismiss (doc. no. 8), that motion should be deemed moot. See Cook v. Randolph County, 573 F.3d 1143, 1156 & n.7 (11th Cir. 2009) (noting that matter becomes moot when relief requested has already been independently provided).