FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 DEC 13 AM 9: 11

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JONATHAN CORNELIUS GLENN,      )
                               )
          Plaintiff,           )
                               )
     v.                        )          CV 111-082
                               )
FNU KITCHEN, Deputy, et al.,   )
                               )
          Defendants.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, who is currently incarcerated at Georgia Diagnostic and Classification

Prison in Jackson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1]

Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings

drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-

21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

U.S.C. §§ 1915(e) & 1915A.

---

[1]Although Plaintiff is currently confined at Georgia Diagnostic and Classification
Prison, his pleadings concern events that allegedly occurred at the Augusta-Richmond
County Law Enforcement (the "Jail") in Augusta, Georgia. (See doc. no. 1.)

## I.    BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Deputy Kitchen; (2) Deputy Weather; (3) Lieutenant Tate; (4) Major Johnson; (5) Captain Reeves; and (6) Sheriff Ronald Strength. (Doc. no. 1, pp. 1, 4.)

Plaintiff asserts at the outset of the body of his complaint that the Jail did not provide him the "access to the law library" or "proper material" needed to "state claims." (Id. at 5.) He additionally complains that the Jail did not provide legal assistance for inmates filing § 1983 complaints. (See id.) Furthermore, Plaintiff alleges that Jail officials refused to respond to inmate grievances so that they could later argue for the dismissal of federal lawsuits on exhaustion grounds. (Id.)

Plaintiff also claims that due to overcrowding in the Jail, the facility was generally unclean, and there were thirty to forty inmates sleeping on the floor where Plaintiff was housed. (Id. at 7, 9.) Because of these conditions, Plaintiff alleges that some time in April of 2011, he accidentally stepped on the foot another inmate who was lying on the floor. (Id. at 10.) Plaintiff states that he was beaten in response, but was denied immediate medical attention for his subsequent injuries. (Id.) Plaintiff reports that he filed a grievance over the matter but that he received no response from Defendant Reeves, the grievance coordinator at the Jail. (Id.) In addition, Plaintiff alleges that he contracted a cold while confined at the Jail and that he "did not receive any treatment" other than being advised to drink plenty of water. (Id. at 8.)

2

Plaintiff further alleges that he was again required to sleep on the floor during a particular weekend in May of 2011 pursuant to an order given by Defendants Tate, Johnson, and Reeves. (Id. at 12.) Plaintiff states that he believes Defendant Strength either "agreed" with or originated the order that inmates be required to sleep on the floor. (Id. at 17.)

According to Plaintiff, he "protested" against the sleeping arrangement, which resulted in Defendants Tate and Weather escorting him from the dormitory. (Id. at 12-13.) Plaintiff avers that he was then approached by Defendant Reeves, who made a comment about beating Plaintiff because he had complained about the conditions at the Jail. (Id. at 13.) Plaintiff alleges that he reiterated his objection to sleeping on the floor and that, as a result, Defendant Reeves directed that Plaintiff be placed in cuffs and a leg iron with the other inmates who had complained about the Jail. (Id.) Plaintiff states that Defendant Weather carried out that directive and that Defendant Kitchen later moved Plaintiff to a cell in the "lockdown" unit that was particularly filthy. (Id. at 14-15.)

Plaintiff asserts that, following his placement in the lockdown cell, he was denied toilet paper and deprived of his evening meal as a result of complaining about the conditions at the Jail. (Id. at 14.) Plaintiff alleges he then complained to Defendant Kitchen about not being given his evening meal, and he claims that as a result he was left in a holding cell for two hours in a leg iron and cuffs. (Id. at 15.) Plaintiff avers that he was kept in the lockdown cell for two more days following this incident. (Id. at 16.)

In his demand for relief, Plaintiff seeks an award of monetary damages against each

3

Defendant. (Id. at 6.)

## II. DISCUSSION

### A. No Claim for Denial of Access to the Courts

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a claim upon which relief may be granted for denial of access to the courts.

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement"). The Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an

4

allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam)).

Here, Plaintiff alleges that the Jail did not provide him the "access to the law library" or "proper material" needed to "state claims." (Doc. no. 1, p. 5.) This allegation is plainly inadequate to state a viable access to the courts claim, as Plaintiff fails to specify any actual injury to a nonfrivolous legal action (including the instant case) caused by Defendants. Plaintiff's allegation that the Jail did not provide legal assistance for filing § 1983 claims is also insufficient. As a general rule, there is no entitlement to legal assistance in § 1983 actions, and the Jail has no obligation to provide such assistance. See Hooks v. Wainwright, 775 F.2d 1433, 1434 (11th Cir. 1985) (holding that state detention facilities are not constitutionally required to provide inmates with legal assistance). Therefore, Plaintiff fails to state a viable claim for denial of his right to access to the courts.

**B. No Claim for Mishandling Grievances**

Plaintiff's assertion that Jail officials mishandled his grievances also fails to state a viable § 1983 claim. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). Therefore, Plaintiff's allegations regarding the purported mishandling of his grievances fail to state a § 1983 claim upon which

5

relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

## C. No Conditions of Confinement Claim

Plaintiff's claim concerning the overcrowding in the Jail is vague and conclusory and therefore is not sufficient to state a claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"). To the extent that Plaintiff argues that he has been forced to sleep on the floor as an argument in support of his conditions of confinement claim, this claim fails. Although Plaintiff may argue that he had an absolute right to bedding, no such right exists. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). More generally, it should also be noted that short periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap,

6

toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation). Here, Plaintiff has not proffered any facts that overcrowding at the Jail deprived him of "the minimal civilized measure of life's necessities." See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that the fact that the plaintiff had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation). As this is the only claim Plaintiff attempts to assert against Defendant Johnson, he should be dismissed from this action.

Moreover, to the extent that Plaintiff attempts to assert a claim of deliberate indifference to his safety, he has failed to state a claim upon which relief can be granted. It is true that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). However, in order to state a viable claim concerning a constitutional right to be protected from violence and from physical assault by other inmates, the Eleventh Circuit requires, among other things, that the defendants have knowledge of a particular threat or fear felt by the plaintiff. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (noting that an Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk); Carter v. Galloway, 352 F.3d 1346, 1349

(11th Cir. 2003) (*per curiam*) (same). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 828 (1994).

Here, while Plaintiff states that Defendant Strength is responsible for the conditions of the Jail, he has not set forth allegations suggesting that Defendant Strength was subjectively aware of any risk that Plaintiff would be assaulted. See Brown, 894 F.2d at 1537 (no liability for failure to protect an inmate where there was nothing to show "that any defendant was aware or should have been aware of a strong likelihood that [the inmate] would be assaulted"). In other words, nothing in Plaintiff's complaint indicates that Defendant Strength knew that Plaintiff's assailant might assault Plaintiff if Plaintiff tripped over him. It is therefore apparent from Plaintiff's complaint that he seeks to hold Defendant Strength liable for his failure to take actions to protect Plaintiff from a risk of which he was unaware. Stated otherwise, Plaintiff's claim against Defendant Strength is premised on the theory that he was negligent in performing his duty to provide security in the area where Plaintiff was attacked. However, jail officials cannot be liable for an assault by another inmate under § 1983 when they are not subjectively aware of any risk and their alleged failure to protect is the result of mere negligence. See Carter, 352 F.3d at 1349-50.

8

Accordingly, Plaintiff has failed to state a § 1983 claim for deliberate indifference to his safety.[2]

### D.     No Claim for Deliberate Indifference to a Serious Medical Need

Plaintiff's complaint also fails to state a claim for deliberate indifference to a serious medical need. Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), to support a claim for deliberate indifference to a serious medical need, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39; Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (noting that the deliberate indifference standard requires that a prison official disregarded an excessive risk of which he was actually aware).

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must allege that jail officials knew about and disregarded an excessive risk to his

---

[2]Because Plaintiff has failed to state a viable conditions of confinement claim against any Defendant, the Court need not address the issue of Defendant Strength's supervisory liability arising from any such claim.

health or safety. See id. at 837. When subjectively weighing whether jail officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted); see also Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). To state a viable Eighth Amendment claim, Plaintiff must allege that the defendants acted with "deliberate indifference" to his medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain. Adams, 61 F.3d at 1543-44. Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. Id. at 1544 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Allegations of mere negligence or malpractice do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, Plaintiff fails to state a viable claim with his allegation that he contracted a cold while confined at the Jail and that he "did not receive any treatment" other than being advised to drink plenty of water. (Doc. no. 1, p. 8.) A common cold is not a sufficiently serious medical need to give rise to an Eighth Amendment violation. See Farrow, 320 F.3d at 1243 (holding that a serious medical need, for Eighth Amendment purposes, "must be 'one that, if left unattended, poses a substantial risk of serious harm'" (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000))). Moreover, Plaintiff's allegations do not demonstrate

any deficiency in the treatment provided for his cold symptoms; the Eighth Amendment does not require the medical staff at the Jail to discover a cure for the common cold.

Plaintiff also fails to state a viable claim for deliberate indifference with his allegation that he was denied immediate medical attention for the injuries sustained in an altercation with another inmate. (See doc. no. 1, p. 10.) First, Plaintiff merely alleges that he was not given medical attention immediately after the incident, not that he was denied care altogether. (See id.) Additionally, Plaintiff fails to specify the extent of medical care he was provided or to explain how such care was inadequate.

Furthermore, while Plaintiff states that he was "denied medical attention" following the altercation, he does not name any specific individual at the Jail in connection with this alleged constitutional deprivation. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between a particular named Defendant and the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief regarding his purportedly inadequate medical treatment following his altercation with another inmate.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for denial of access to the courts, mishandling of grievances, conditions of

confinement, deliberate indifference to safety, and deliberate indifference to serious medical needs be **DISMISSED**. The Court further recommends that Defendants Johnson and Strength be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 13th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]In a simultaneously issued Order, the Court has directed that service of process be effected on Defendants Kitchen, Weather, Tate, and Reeves based on Plaintiff's First Amendment retaliation claims.