FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 25 AM 11:42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JONATHAN CORNELIUS GLENN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 111-082 |
| ) | |
| FNU KITCHEN, Deputy, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia when this action commenced, filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. Following the resolution of several preliminary motions, the Court screened Plaintiff's complaint and allowed him to proceed with First Amendment retaliation claims against Defendants.[1] (Doc. no. 36.) Defendants filed a joint answer on February 17, 2012, at which time the Clerk of Court issued a Scheduling Notice setting the deadlines for this case.

The case is now before the Court because Defendants have filed a motion to dismiss

---

[1] In addition, the Court recommended the dismissal of Plaintiff's claims for denial of access to the courts, mishandling of grievances, improper conditions of confinement, deliberate indifference to safety, and deliberate indifference to serious medical needs. The Court also recommended that two individuals named as defendants in the complaint be dismissed. (Doc. no. 37.) The Honorable J. Randal Hall, United States District Judge, adopted these recommendations as the opinion of the District Court. (Doc. no. 43.)

this case without prejudice or, in the alternative, to stay proceedings in this case. Defendants explain that they have been unable to serve Plaintiff with documents related to this case, including several discovery requests. In particular, Defendants report that all documents sent to Plaintiff at the facility where he was incarcerated, Augusta State Medical Prison ("ASMP"), were returned without explanation. (Doc. no. 53, pp. 1-2.) Documents sent to Plaintiff by the Court have been returned in the same fashion. (See doc. nos. 50-52.) Defendants assert that "this case simply cannot proceed under these circumstances." (Doc. no. 53, p. 2.)

An inquiry with prison officials at ASMP revealed that Plaintiff was unable to receive mail for a period of time because he suffered from medical issues that required him to be confined in the facility's Crisis Stabilization Unit. In addition, the Court was informed that Plaintiff is no longer incarcerated at ASMP and has been transferred to Hays State Prison, in Trion, Georgia.[2]

In light of this information, Plaintiff's inability to receive mail at ASMP no longer provides a basis for the relief requested in the instant motion – i.e., dismissal of this case without prejudice or a stay of proceedings. Therefore, the instant motion should be **DEEMED MOOT**. (Doc. nos. 53-1, 53-2.) In addition, the deadlines in this case should be extended to account for the delay caused by Plaintiff's prior inability to receive mail at

---

[2]The **CLERK** is **DIRECTED** to modify the docket to reflect Plaintiff's current location at Hays State Prison, 777 Underwood Road, Trion, Georgia 30753. Defendants should use this address to serve any future filings or other documents related to this case, including the discovery requests they were previously unable to serve.

ASMP. In particular, the Scheduling Notice should be modified to reflect the following extended deadlines:

    CLOSE OF DISCOVERY                 September 6, 2012

    LAST DAY TO FILE MOTIONS       October 6, 2012

    LAST DAY TO FILE SUMMARY      October 6, 2012
    JUDGMENT MOTIONS

Finally, the Court notes that Plaintiff has previously been instructed that he must immediately inform the Court of any change of address. (See doc. no. 3, p. 4.) The Court therefore cautions Plaintiff that if he fails to immediately inform the Court of any future change of address, or if he fails to prosecute this action as is required under the Federal Rules of Civil Procedure and the Local Rules, the Court will recommend that this action be dismissed. See Fed. R. Civ. P. 41(b); Loc. R. 41.1.

SO REPORTED and RECOMMENDED this 25th day of April, 2012, at Augusta, Georgia.

                                              W. LEON BARFIELD
                                              UNITED STATES MAGISTRATE JUDGE