FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 28 AM 8:45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JONATHAN CORNELIUS GLENN,     )
                              )
        Plaintiff,             )
                              )
    v.                         )   CV 111-082
                              )
FNU KITCHEN, Deputy, et al.,   )
                              )
        Defendants.            )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Hays State Prison in Trion, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. The case is currently before the Court on Defendants' motion to compel or in the alternative to dismiss without prejudice. (Doc. nos. 57-1, 57-2.) Plaintiff did not file a response to Defendants' motion and therefore, under Loc. R. 7.5, the motion is deemed unopposed. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to compel be **GRANTED** (doc. no. 57-1), but that Defendant's motion to dismiss be **DENIED** (doc. no. 57-2).

I.  **BACKGROUND**

Following the resolution of several preliminary motions, the Court screened Plaintiff's complaint and allowed him to proceed with First Amendment retaliation claims

---

[1] Although he is currently incarcerated at Hays State Prison, Plaintiff's complaint concerns events that allegedly occurred at Augusta-Richmond County Law Enforcement Center in Augusta, Georgia. (See doc. no. 1.)

against Defendants on December 13, 2011.² (Doc. no. 36.) Defendants filed a joint answer on February 17, 2012, (doc. no. 48), at which time the Clerk of Court issued a Scheduling Notice setting the deadlines for this case, (doc. no. 49). Subsequently, however, an issue arose with Plaintiff's ability to receive mail at Augusta State Medical Prison, and Defendants filed a motion to stay discovery or dismiss the case without prejudice because they were unable to serve Plaintiff with documents related to the case, (see doc. no. 53). In a Report and Recommendation ("R&R") dated April 25, 2012, the Court recommended that Defendants' motion be deemed moot, however, as Plaintiff had been transferred to Hays State Prison. (See doc. no. 54.) In its April 25, 2012 R&R, the Court also recommended extending the discovery period through September 6, 2012 and the period in which to file civil motions through October 6, 2012, (id.), and Judge Hall adopted these recommendations as the opinion of the District Court on May 18, 2012, (doc. no. 56).

Turning to the instant motion, according to Defendants, they served Plaintiff with interrogatories and a request for production of documents on April 25, 2012.³ (Doc. no. 57, p. 2 & Ex. A.) Defendants assert that, after Plaintiff failed to respond in any way to their April 25, 2012 request for more than thirty days, they wrote him a letter on July 25, 2012, advising him to respond within ten days and warning him that they intended to file a motion to compel with the Court. (Id. at 2 & Ex. B.) According to an exhibit attached to

---

²In addition, the Court recommended the dismissal of Plaintiff's claims for denial of access to the courts, mishandling of grievances, improper conditions of confinement, deliberate indifference to safety, and deliberate indifference to serious medical needs. The Court also recommended that two individuals named as Defendants in the complaint be dismissed. (Doc. no. 37.) The Honorable J. Randal Hall, United States District Judge, adopted these recommendations as the opinion of the District Court. (Doc. no. 43.)

³Defendants note that the certificate of service with their April 25, 2012 correspondence to Plaintiff is dated February 17, 2012, as they had originally served him with the discovery requests then, but the mail was returned. (Doc. no. 57, p. 2 n.2 & Ex. A.)

2

Defendants' motion, Plaintiff responded by letter on August 6, 2012, explaining that his "incarceration will hinder [him] from effectively pursuing this case to its completion," and suggesting that he wished for Defendants to wait for him to complete his sentence and hire a lawyer once he is released. (Id., Ex. C.) Defendants have thus been unable to procure responses to their discovery requests.

Defendants have also presented an exhibit from the Georgia Department of Corrections website showing that Plaintiff's release date appears to be October 30, 2012. (See doc. no. 57, p. 2 & Ex. D.) Accordingly, they filed the instant motion based on their concern that Plaintiff would not respond to their requests until he was released, which is after the deadlines for discovery and filing civil motions, (doc. no. 56). (Doc. no. 57, pp. 2-3.) Plaintiff did not file a response to Defendants' motion and therefore, under Loc. R. 7.5, the motion is deemed unopposed.

## II.  DISCUSSION

Defendants first request that Plaintiff be ordered to respond to the outstanding discovery. (Doc. no. 57, p. 3.) In the alternative, Defendants request that Plaintiff's case be dismissed without prejudice for failure to prosecute. Id. With respect to Defendants' request that Plaintiff's case be dismissed under Rule 41(b), the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see

3

also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[4] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] willful disobedience or neglect of any order of the Court." Loc. R. 41.1(b).

Here, Plaintiff's refusal to respond to discovery not only violates the Federal Rules of Civil Procedure, but also impedes the prosecution of his case. Still, the Court is not persuaded that dismissal is appropriate because Defendant has not previously obtained a court order directing Plaintiff to provide the requested discovery. Thus, although Plaintiff has failed to comply with general orders directing the parties to conduct discovery in accordance with the applicable Federal Rules of Civil Procedure, the Court cannot conclude that Plaintiff has failed to obey a direct order of the Court to provide specific discovery.

Given the circumstances, the Court finds that dismissal is not appropriate at this time, but that Defendants' alternative request, the motion to compel, should be granted.[5] The Court recognizes that, should the presiding District Judge adopt the recommendation herein, discovery must be reopened to allow Plaintiff to respond to Defendants' discovery requests.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[5]The Court notes that, under Fed. R. Civ. P. 37(a)(5)(a), if a motion to compel is granted, the Court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the reasonable expenses, including attorney's fees, incurred in making the motion. However, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii), the Court finds that the parties should bear their own expenses incurred in relation to the instant motion.

Therefore, the Court also recommends that if the case proceeds, Plaintiff's responses to Defendants' interrogatories and request for production of documents must be served on Defendants within **fourteen (14) days** of the date of the adoption order, and deadlines be re-set accordingly.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to compel be **GRANTED** (doc. no. 57-1), but that Defendant's motion to dismiss be **DENIED** (doc. no. 57-2). Moreover, if the District Judge determines that this case should proceed, the Court also recommends that Plaintiff's responses to Defendants' interrogatories and request for production of documents must be served on Defendants within **fourteen (14) days** of the date of the adoption order, and deadlines be re-set accordingly.

SO REPORTED and RECOMMENDED this 28th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE