IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-082 |
| | ) | |
| FNU KITCHEN, Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 61). The Magistrate Judge found that Plaintiff failed to comply with a timely discovery request from Defendants and thus recommended granting Defendants' motion to compel. The Magistrate Judge recommended denying Defendants' alternative request, however, that Plaintiff's case be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b), as Plaintiff had not disobeyed a direct order of the Court to provide specific discovery.

In his objections, Plaintiff asserts that he was not required to comply with the Federal Rules of Civil Procedure regarding discovery because his case was dismissed without prejudice by the Magistrate Judge on August 10, 2011. (Doc. no. 61, p. 1.) While the Magistrate Judge did recommend that Plaintiff's case be dismissed without prejudice on August 10, 2011 (see doc. no. 14), that recommendation was never adopted as the opinion

of the District Court, and the Magistrate Judge vacated the R&R on October 5, 2011 (see doc. no. 30).[1] Plaintiff's objections are thus without merit, do not warrant further discussion, and are **OVERRULED**.

The Court does deviate from the Magistrate Judge's recommendation in one respect, however. The Magistrate Judge recommended that if this Court agreed to grant the motion to compel rather than the motion to dismiss, that Plaintiff's responses to Defendants' Interrogatories and Request for Production of Documents should be served on Defendants within fourteen (14) days of this Order. In a simultaneously filed motion, however, Plaintiff states he will be released from incarceration on October 30, 2012, and that his incarceration has been what has "hindered him from pursuing this action to completion." (See doc. no. 60, pp. 2-3.) The Court thus finds that twenty-one (21) days from the date of this Order is a more practical time frame to account for Plaintiff's relocation.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Defendants' motion to compel is **GRANTED** (doc. no. 57-1), but the motion to dismiss is **DENIED** (doc. no. 57-2). Plaintiff

---

[1] In his October 5, 2011 Order, the Magistrate Judge explained that he had recommended dismissal of the case because Plaintiff had failed to notify the Court of a change of address. (See doc. no. 30, p. 2.) Plaintiff, however, submitted a motion to appoint counsel on August 29, 2011 in which he explained that he failed to inform the Court of his change of address because of medical issues, but he wished to still pursue his case. (See id.; doc. no. 20.) Accordingly, in his October 5, 2011 Order, the Magistrate Judge allowed the case to proceed for screening. (See doc. no. 30.) On December 13, 2011, the Magistrate Judge screened Plaintiff's complaint and allowed him to proceed with First Amendment retaliation claims against Defendants. (See doc. no. 36.) Defendants filed a joint answer on February 17, 2012 (doc. no. 48), at which time the Clerk of Court issued a Scheduling Notice setting the deadlines for this case (doc. no. 49).

2

shall provide responses to Defendants' Interrogatories and Request for Production of Documents within **twenty-one (21) days** of the date of this Order. Moreover, discovery is reopened, and the scheduling deadlines in this case shall be re-set as follows:

| | |
|---|---|
| CLOSE OF DISCOVERY | December 21, 2012 |
| LAST DAY TO FILE MOTIONS | January 20, 2013 |
| LAST DAY TO FILE SUMMARY JUDGMENT MOTIONS | January 20, 2013 |

All other provisions of the February 17, 2012 Scheduling Notice not modified herein shall remain in full force and effect. Any further motions for extension in this case must be addressed to the undersigned.

The Court will also take this opportunity to address Plaintiff's motion filed simultaneously with his objections, titled "Motion/Request for a Toll on the Time Limit for which Legal Actions Must be Filed." (Doc. no. 60.) In the motion, Plaintiff again asserts that his case was dismissed by the Magistrate Judge on August 10, 2011, and states that he will refile his complaint immediately upon his release from incarceration on October 30, 2012.[2] (See id. at 2.) Accordingly, he requests "a toll on the time limit for which legal actions must be filed." (Id.) As Plaintiff's case has not been dismissed, however, the motion is **DENIED** as **MOOT**. (Doc. no. 60.)

---

[2] Plaintiff also mistakenly asserts in his motion that the Court adopted the R&R on August 16, 2011. The R&R the Court adopted on August 16, 2011, however, was the R&R denying Plaintiff's motions for "Objecting to Richmond County Jail Revision to the Inmate Handbook" (doc. no. 5) and for preliminary injunctive relief (doc. no. 5). (See doc. no. 16.)

3

Moreover, the Court notes that in his motion, Plaintiff comments that the "district court should not get involved in the parties' discovery dispute, for they are willing to work out their disputes respectfully among themselves where both sides do agree to dismiss this action without prejudice, if not already been provided." (Id. at 3.) Plaintiff may of course still voluntarily dismiss this case by obtaining a stipulation of dismissal signed by all Defendants, or by filing a properly-captioned motion to voluntarily dismiss this case. See Fed. R. Civ. P. 41(a). Given the imminence of Plaintiff's release, however, and his statement that it has been his incarceration that has hindered the litigation of this case, the Court does not elect to construe the instant motion as a motion to voluntarily dismiss this case.

SO ORDERED this 6th day of November, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA