FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR 14 AM 10 29

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-082 |
| | ) | |
| FNU KITCHEN, Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is currently before the Court on Plaintiff's "Motion to Estop Defendants from Holding Mail," which the Court construes as a motion for injunctive relief, and Defendants' "Renewed Motion to Dismiss." (Doc. nos. 64, 65.) Defendants oppose Plaintiff's motion. (Doc. nos. 66, 67.) Plaintiff failed to respond to Defendants' motion, however, and it is thus deemed unopposed. See Loc. R. 7.5.

I.  **BACKGROUND**

Plaintiff commenced this lawsuit by filing a complaint on June 6, 2011, while he was incarcerated at the Augusta-Richmond County Law Enforcement Center ("the Center"). (See doc. no. 1.) After Plaintiff filed his complaint, but before the Court could screen the complaint pursuant to the IFP statute, Plaintiff filed two motions concerning access to the law library and legal assistance at the Center, both of which the Court construed as seeking preliminary injunctive relief. (See doc. nos. 5, 6, 9.) On August 16, 2011, the Honorable J. Randal Hall, United States District Judge, adopted the recommendation of this Court (doc. no. 9) and denied

the motions (doc. no. 16).

Plaintiff was then transferred from the Center into the custody of the Georgia Department of Corrections. (See doc. nos. 17, 30.) Following the resolution of his two motions for preliminary injunctive relief, the Court screened Plaintiff's complaint on December 13, 2011, and allowed him to proceed with First Amendment retaliation claims against Defendants concerning incidents alleged to have occurred while Plaintiff was incarcerated at the Center in 2011.[1] (Doc. no. 36.) Defendants filed a joint answer on February 17, 2012, (doc. no. 48), at which time the Clerk of Court issued a Scheduling Notice setting the deadlines for this case, including setting the deadline for discovery as July 6, 2012, (doc. no. 49).

Subsequently, however, an issue arose with Plaintiff's ability to receive mail at Augusta State Medical Prison ("ASMP"), and Defendants filed a motion to stay discovery or dismiss the case without prejudice on March 9, 2012. (Doc. no. 53.) In the motion, Defendants asserted that discovery requests they served on Plaintiff at ASMP on February 17, 2012, had been returned as undeliverable. (See id.) In a Report and Recommendation ("R&R") dated April 25, 2012, the Court recommended that Defendants' motion be deemed moot, however, as Plaintiff had been transferred to Hays State Prison. (See doc. no. 54.) The mail issue having been resolved, the Court also recommended extending the discovery period through September 6, 2012, and the period in which to file civil motions through October 6, 2012, in order to account for the delay caused by Plaintiff's inability to receive mail while at Augusta State Medical Prison. (Id.) Judge Hall adopted these recommendations as the opinion of the District Court on May 18, 2012. (Doc. no. 56.)

---

[1] In addition, the Court recommended the dismissal of Plaintiff's claims for denial of access to the courts, mishandling of grievances, improper conditions of confinement, deliberate indifference to safety, and deliberate indifference to serious medical needs. The Court also recommended that two individuals named as Defendants in the complaint be dismissed. (Doc. no. 37.) Judge Hall adopted these recommendations as the opinion of the District Court. (Doc. no. 43.)

2

On August 10, 2012, Defendants then filed a motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(b), or in the alternative to compel discovery responses. (Doc. no. 57.) In the motion, Defendants asserted that they re-served the discovery requests addressed in their March 9th motion on Plaintiff at Hays State Prison on April 25, 2012, and that Plaintiff had failed to provide the requested discovery.[2] (Id.) In an R&R dated September 28, 2012, the Court recommended granting the motion to compel and denying the motion to dismiss. (Doc. no. 58.) The Court noted in the R&R that, while Plaintiff's failure to respond to discovery "violate[d] the Federal Rules of Civil Procedure" and "impede[d] the prosecution of his case," it was "not persuaded that dismissal [was] appropriate because Defendant has not previously obtained a court order directing Plaintiff to provide the requested discovery." (Id. at 4.) On November 6, 2012, Judge Hall adopted this Court's recommendation, and ordered that Plaintiff respond to the discovery requests served on April 25, 2012, within twenty-one (21) days of the date of that Order.[3] (Doc. no. 62.)

Plaintiff then submitted a "Motion to Estop Defendants from Holding Mail," signed November 20, 2012, in which he informed the Court that he was now incarcerated at the

---

[2]As explained in Defendants' August 10th motion, after Plaintiff failed to respond in any way to their April 25, 2012 request for more than thirty days, they wrote him a letter on July 25, 2012, advising him to respond within ten days and warning him that they intended to file a motion to compel with the Court. (Doc. no. 57, p. 2 & Ex. B.) Plaintiff responded to Defendants' July 25th letter on August 6, 2012, explaining that his "incarceration will hinder [him] from effectively pursuing this case to its completion," and suggesting that he wished for Defendants to wait for him to complete his sentence and hire a lawyer once he is released. (Id., Ex. C.)

[3]Judge Hall overruled Plaintiff's objections, in which Plaintiff erroneously asserted that his case had previously been dismissed without prejudice. (See doc. nos. 61, 62.) Of note, the Court had originally recommended that Plaintiff be ordered to respond to the outstanding discovery requests within fourteen (14) days. (See doc. no. 58.) Judge Hall provided Plaintiff 21 days, however, because Plaintiff stated that he expected to be released from incarceration on October 30, 2012, and Judge Hall found that 21 days was a "more practical time frame to account for Plaintiff's relocation." (Doc. no. 62, p. 2.)

3

Charles B. Webster Detention Center in Augusta, Georgia. (See doc. no. 64.) Defendants' motion to dismiss followed on December 4, 2012, and they assert therein that Plaintiff has still failed to respond to the discovery requests first served on February 17, 2012, and re-served on April 25, 2012. (See doc. no. 65.)

## II. DISCUSSION

### A. Plaintiff's "Motion to Estop Defendants from Holding Mail"

Before considering Defendants' motion to dismiss, the Court will address Plaintiff's "Motion to Estop Defendants from Holding Mail."[4] In the motion, Plaintiff asks the Court to "issue an Order to prohibit Defendants at the [] Center from depriving Plaintiff [of] the right to receive his legal mail from any federal court and direct Defendants not to place Plaintiff['s] mail inside his property, held in booking at the 401 Walton Way Jail."[5] (Doc. no. 64.) Plaintiff provides no other details. Accordingly, the Court construes this brief motion as one seeking preliminary injunctive relief.

In response, Defendants assert that neither Defendants nor any other parties associated with either of the detention facilities in Richmond County, Georgia have deprived Plaintiff of any legal mail or placed his mail with his property at the Walton Way Jail. (See doc. no. 66.) In support, Defendants produced the affidavit of Eugene Johnson, a Major of the Richmond County Sheriff's Office ("RCSO") who is "in charge of the Augusta-Richmond County detention facilities located on Walton Way and Phinizy Road." (See doc. no. 67 (hereinafter "Johnson Aff.").) Mr. Johnson states in his affidavit that Plaintiff was transferred into the

---

[4]The Court is of course aware that its recommendation that Defendants' motion to dismiss be granted, see infra Part II.B., would render Plaintiff's motion moot. However, as Defendants' motion concerns Plaintiff's failure to respond to discovery materials (see doc. no. 65), the Court will review the merits of Plaintiff's motion, which concerns his ability to receive his mail.

[5]In their response, Defendants identify the "401 Walton Way Jail" as the "Richmond County jail." (See doc. no. 66, p. 1.)

4

custody to the Richmond County detention facilities by the Georgia Department of Corrections on October 30, 2012, and that Plaintiff's items of personal property, including legal papers and files, were stored under his name in the "property control room." (Id. ¶ 8.)

According to Mr. Johnson, an inmate's personal property is kept in the control room after his transfer from an outside detention facility, and inmates are allowed to access their property upon request unless possession of the property is not allowed. (Id.) Mr. Johnson attests that Plaintiff requested access to some of his personal property on October 31, 2012, and that the documents he requested were provided to him on November 2, 2012.[6] (Id.) Mr. Johnson finally attests that "none of Plaintiff's mail has been withheld from him including, but not limited to, any legal mail from Federal Court," and that no legal mail is withheld from any inmate incarcerated at detention facilities operated by the RCSO, nor is legal mail placed with an inmate's property in the booking section at the facility on Walton Way. (Id. ¶¶ 3, 5.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

---

[6]Mr. Johnson provides an "Inmate Property Release Form" in support. Of note, the "[d]escription of property to be released" on this "Form" includes a "Discovery Package." (Johnson Aff., Ex. A.)

5

Plaintiff's motion makes no attempt to address any of the requisite elements for obtaining preliminary injunctive relief. Moreover, Plaintiff's motion bears no relation to this action as it currently stands. As explained above, the only claim remaining in this case concerns retaliation. There is not and there never has been any claim in this case concerning Plaintiff's mail. Furthermore, while Plaintiff has previously sought injunctive relief based on access to the law library and legal materials at the Center, and raised an access to the courts claim based on the same in his complaint, Plaintiff's requests for injunctive relief were denied and his attempted claim for violation of his right to access to the courts was dismissed for failure to state a claim. (See doc. nos. 9, 16, 37, 43.)

Plaintiff requests in the motion that Defendants at the Charles B. Webster Detention Center be ordered not to withhold his legal mail or place it in his property at the Walton Way Jail. Defendants, however, have effectively disputed any allegation that such conduct is occurring with affidavit testimony and documentary evidence. (See generally Johnson Aff & Ex. A.) Plaintiff has therefore plainly failed to demonstrate a substantial likelihood of success on the merits with regard to his request for preliminary injunctive relief, which is a requisite element for establishing entitlement to such relief. See All Care Nursing Serv., Inc., 887 F.2d at 1537.

Moreover, in the absence of some allegation that his mail has actually been withheld, Plaintiff's request that Defendants be ordered not to withhold his legal mail is simply a request for a broad instruction to Defendants to obey the law. However, Fed. R. Civ. P. 65(d) requires requests for injunctions to be *specific* – an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Brown v. Alabama Dep't of Transp., 597 F.3d 1160, 1185 (11th Cir. 2010); Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). As Plaintiff's requested order does not conform to the specificity requirement of Rule 65(d), it is unenforceable and must fail.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Here, it is not even clear from Plaintiff's motion that he is alleging mail has actually been withheld, or whether he is simply requesting a court order because he fears his mail may be withheld at some point in the future. Plaintiff has thus only presented, if anything, a purely *speculative* threat of future injury, which falls well short of demonstrating a *substantial* threat that he will suffer irreparable injury.

Nor has Plaintiff attempted to address the final two elements of the preliminary injunction inquiry, that the threatened harm outweighs the damage the proposed injunction may cause Defendants or that the injunction would not be adverse to the public interest. Thus, Plaintiff has not carried his burden of persuasion as to these elements, and he has accordingly not satisfied any of the requisite elements for a preliminary injunction. Plaintiff's request for preliminary injunctive relief should therefore be **DENIED**.[7] (Doc. no. 64.)

B.     **Defendants' "Renewed Motion to Dismiss"**

The Court next turns its attention to Defendants' "Renewed Motion to Dismiss," in which they request that Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P.

---

[7]As noted earlier, even if it were not subject to denial on the merits, Plaintiff's motion for preliminary injunctive relief could be deemed moot because the Court has recommended infra that this case be dismissed pursuant to Fed. R. Civ. P. 37.

7

37(b)(2)(A) for his failure to obey a court order to respond to discovery. (Doc. no. 65.) As noted earlier, Plaintiff failed to respond, and the motion is thus deemed unopposed.[8] See Loc. R. 7.5.

Fed. R. Civ. P. 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." Id.; see also Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Here, Plaintiff's refusal to respond to Defendant's discovery requests, despite Judge Hall's Order that he do so, amounts to a willful failure to obey a court order that he provide discovery. Defendants initially served these discovery requests on February 17, 2012, and while Plaintiff's initial failure to respond was due to a mail problem at Augusta State Medical Prison that was not his fault, he has still refused to provide the requested discovery long after that mail problem was resolved. Plaintiff has obviously been able to communicate with the Court and Defendants, as evidenced by his filings since the discovery requests were re-served on April 25, 2012, (see doc. nos. 60, 61, 64), yet Plaintiff has manifested no intention to comply with his discovery obligations. As a result of Plaintiff's refusal, this case has failed to progress

---

[8]When Plaintiff failed to respond to Defendants' motion after 14 days, the Court provided him an additional fifteen (15) days to submit a response and advised him that the Court would deem the motion unopposed if he failed to respond. (See doc. no. 68.) Plaintiff still failed to respond within this extended time period.

8

for over a year since discovery began on February 17, 2012, (doc. no. 49), with Defendants still awaiting responses to their first discovery requests. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.[9] Cf. Phipps, 8 F.3d at 790. Accordingly, Defendant's Motion to Dismiss should be **GRANTED**, and Plaintiff's case should be **DISMISSED** without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** that Plaintiff's "Motion to Estop Defendants from Holding Mail" be **DENIED** (doc. no. 64), that Defendants' "Renewed Motion to Dismiss" be **GRANTED** (doc. no. 65), that Plaintiff's complaint be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[9]Defendants do not specify whether the dismissal sought in their motion is with or without prejudice. Of note, however, Defendants titled their motion "Renewed Motion to Dismiss," and in their prior motion, they sought dismissal without prejudice. (See doc. no. 57.)

9